## In the matter of Eliza Weinrich.

*Construction of Statutes: Act No. 145 of 1869: Sentences to imprisonment in the Detroit House of Correction.* A person convicted as a common prostitute in any county other than Wayne, cannot be punished by imprisonment in the Detroit House of Correction under section 4 of "the act to provide for the imprisonment and detention of convicted persons in the Detroit House of Correction."

*Heard January 5. Decided January 10.*

*Certiorari* to Wayne Circuit.

Eliza Weinrich, being imprisoned in the Detroit House of Correction, her attorney petitioned the Circuit Court for the County of Wayne for a *habeas corpus* to enquire into the cause of her imprisonment. The writ was issued and the return showed that she was in custody by virtue of a commitment under the hand of William Stevenson, a Justice of the Peace for Genesee County, upon a conviction before said Justice of being a common prostitute, and a sentence thereon to be imprisoned in the Detroit House of Correction for three years. Upon the hearing before the Circuit Judge, the prayer of the petitioner was denied, and she was remanded to custody. The case now comes before this Court by *certiorari*.

*F. A. Baker and S. Larned,* for plaintiff in error.

*D. May, Atty. Gen. and G. V. N. Lothrop,* for respondent.

GRAVES, J.

The Court below having decided adversely to the application of the petitioner to be discharged on *habeas corpus*, we are asked to determine upon the correctness of that decision.

It is insisted by the petitioner, among other things, that the commitment under which she is detained in custody is not supported by the statute under which it was made.

IN THE MATTER OF ELIZA WEINRICH.

That commitment is as follows:

*State of Michigan, County of Genesee, ss. To the Sheriff or any constable of said County, and the Superintendent of the Detroit House of Correction:* GREETING:

WHEREAS: After trial upon a complaint duly taken by me, Eliza Weinrich, of the City of Flint, in said County, was convicted of being a common prostitute, and was by me sentenced to be imprisoned in the Detroit House of Correction three years, from and including this 11th day of November, A. D. 1869; now therefore you, the said Sheriff or Constable, are hereby required to convey said Eliza Weinrich to said House of Correction, and deliver her into the custody of the Superintendent thereof; and you, the said Superintendent of the said House, are commanded to receive said Eliza Weinrich into your custody, and her there safely keep until the expiration of said three years, or until she is discharged in accordance with law.

Given under my hand, at the City of Flint in said County of Genesee, this 11th day of November, 1869.

WILLIAM STEVENSON,
*Justice of the Peace.*

It thus appears that the offense of which the petitioner was convicted was that of being a common prostitute, and that the trial and conviction took place before a Justice of the County of Genesee at the City of Flint.

The respondent maintains that this commitment of the petitioner and her detention in the House of Correction are warranted by act No. 145 of the laws of 1869, and unless he is correct in this it is very evident that her imprisonment is illegal. The case is clearly not within the original act establishing the institution, or within the provisions of the supplementary act of 1867.—*Law 1861, p. 262 ; Laws 1867, p. 175.*—And if any portion of the act of 1869 can be resorted to, to sustain the proceedings, it must be either the 4th or 6th sections.

IN THE MATTER OF ELIZA WEINRICH.

Does the 6th section apply to the case? It is as follows: "It shall be lawful for all courts of record having criminal jurisdiction in the State of Michigan, and all Police Justices and Justices of the Peace in said State, and in the exercise of their criminal jurisdiction, to sentence female offenders, *who are not more than fifteen years of age*, to the Detroit House of Correction, there to remain and be kept until they are twenty-one years of age. The age of said offenders shall be ascertained to the satisfaction of the Court or officers sentencing said persons, and certified to the Superintendent of said House, who shall receive and keep them until they are twenty-one years of age." Eleventh section prescribes the forms of commitment to be used in cases falling respectively under the fourth and sixth sections; and that adapted to the latter section is required to contain a certificate of the age of the prisoner, and to state the term of imprisonment to be until the age of twenty-one years is attained.

Whatever opinion may be entertained as to the validity of this statute, or of section six in particular, there is no possibility of holding, that the proceeding in question could derive even a colorable authority from this last section. The commitment before us specified the term of imprisonment to be three years, and not until the prisoner shall be twenty-one years of age, and it contains no certificate respecting the age of the party.

The fourth section provides among other things that "every person *more* than fifteen years of age, who is a common prostitute, shall upon conviction thereof, be punished by imprisonment in the Detroit House of Correction a term of three years," and that complaints under that section may, in cities having a Police Justice, be made to such Justice and to Justices of the Peace in townships, villages and cities having no Police Justice.

The commitment in this case precisely coincides with

the form prescribed for use under this section, and the offense recited falls under the same provision.

Does this section then support the proceeding? If it were separated from the context and considered a part of the remaining portions of the act, the language of the section would be taken to import that persons of the requisite age convicted of the specified offense, in any part of the State would be subject to imprisonment in the House of Correction. The last paragraph, however, of the preceding section, declares that the "provisions of this act shall apply to the County of Wayne only." This language is so plain and emphatic as to make it our duty to give it effect wherever the words and sense will possibly permit it; and on careful inspection of the whole statute we observe that every part of it, except the sixth section, is compatible with this restrictive clause. The sixth section cannot be subjected to such provision, but as this section is seen to be inapplicable to the present case, we do not deem it necessary to discuss the effect of the incongruity. The provisions of the fourth section, however, may be controlled by the limiting provision of the third section, and the consequence is that such section must be considered as applying to the " County of Wayne only."

According to this view, section fourth would not authorize the commitment and detention of any person convicted in any county but Wayne, of being a common prostitute; and since the conviction of the petitioner occurred in the County of Genesee, it follows that her detention is unauthorized and illegal.

The order of the Court below denying the application and remanding the petitioner must be reversed, and an or der entered here requiring the respondent to discharge her from the custody under which she is held.

The other Justices concurred.